[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The defendant urges the court to dismiss the instant case for three reasons: that the notice to quit is defective; it is premature, and it was improperly served.
The notice to quit specifies two reasons which are set forth in Conn. Gen. Stat. 47a-23 (a)(C) and (E) as grounds for termination: violation of lease and non-payment of additional rent. The defendant argues that the former ground fails to indicate the conduct which constituted a violation, or the clause of the lease violated. The defendant is correct in stating that absent specific reference to "the conduct or clause in question" the notice could be deemed "fatally defective." Nikolaidis v. East Main Pizza House, Inc., SON-8601-7802-NB NOVEMBER 24, 1986. However, the second ground for termination, namely, the non-payment of additional rent, is sufficiently clear to give the defendant knowledge of the conduct for which that the plaintiff is terminating the lease. The fact that the notice to quit did not include the specific categories of additional rent or the words "when due" do not render the notice defective.
The defendant asserts the notice to quit was premature because paragraph 3(e)(i) of the lease falls for a thirty day cure period. Sufficient letters exchanged between the parties recite the plaintiff's demands for remedying what it considered to be noncompliance with the terms of the lease. The letters of November 27, 1990 and August 14, 1991 particularly speak to the issue of adequate notice. The notice to quit is therefore not premature.
Section 47a-23(c) sets forth a specific requirement for the service of a notice to quit when it concerns commercial property. Service is to be made "at the place of the commercial establishment." The statute does not say "at the commercial property", a phrase the legislature could have easily repeated. "Establishment" means "a place of business or residence with its furnishings and staff," or "a public or private institution." Webster's Ninth New Collegiate Dictionary, 1987. Neither definition suggests that an establishment is a single locale exclusive of any other. A notice to quit in a summary process action is distinct from process. The latter "inform(s) the defendant of the institution of proceedings against him and to compel(s) his appearance in civil cases. . . .A notice to quit. . . is designed to give notice to the lessee or occupant to quit possession . . . on or before a certain date for a particular statutory reason." Dell'Aera v. Morawski, SPN-8410-6254 BR, December 26, 1984. Here the defendant received notice of the date upon which it was to quit possession or occupancy. The court agrees with the plaintiff's position citing Muller v. Town Plan and Zoning Commission, 145 Conn. 325, 331 (1958) that "(W)hen two constructions (of a statute) are possible, courts will adopt the one which make the statute effective and workable, and not one which CT Page 9941 leads to difficult and possibly bizarre results." Both parties concur that the defendant is not physically present at the subject premises. To attempt service on the defendant there would be futile. The defendant received actual notice through service upon its statutory agent for service of process in its Hartford establishment.
For the foregoing reasons the Motion to Dismiss is denied.
LEHENY, J.